UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MASTERSPAS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:07-CV-298** |
| ) | |
| **JONATHON JOSE and REBECCA JOSE,** ) | |
| **individually and d/b/a CAPITAL CITY SPAS,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This case was filed by Plaintiff Masterspas, Inc., based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Compl. ¶ 4.)  The Complaint alleges that Plaintiff is an Indiana corporation with its principal business located in Indiana and that Defendants are residents of California. (Compl. ¶¶ 1, 3.)

Plaintiff's Complaint, however, is inadequate. *See generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) (stating that the court has an obligation to inquire into its own subject matter jurisdiction).  This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).
   Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057  n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see also Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc*., 255 F.3d 410, 412 (7th Cir. 2001).  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot*, 469 F.3d at 677-78.

Therefore, the Court must be advised of each party's citizenship, not residency.  "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Consequently, Plaintiff is ORDERED to supplement the record forthwith as to the citizenship of each Defendant.

SO ORDERED.

Enter for this 28th day of November, 2007.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge